**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RONALD D. LEONARD,**

    **Petitioner,**          **CASE NO. 2:10-CV-769**
                                **JUDGE JAMES L. GRAHAM**
**v.**                           **MAGISTRATE JUDGE E.A. PRESTON DEAVERS**

**ROBIN KNAB, WARDEN,**

    **Respondent.**

## ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion for discovery and request for deposition of witnesses. Doc. 18.[1] For the reasons that follow, Petitioner's motion, Doc. 18, is **DENIED**.

Petitioner seeks to conduct depositions of the assistant prosecuting attorney, Robert P. Driscoll, Attorneys James Wallace and Javier Armengau, prosecution witness Terry Wayne Hawk, and "confidential informant" Steve Lowry. Petitioner also request the Court to order Respondent to produce a copy of his docket sheet, transcripts of the motion to suppress and trial, "7-signal mobile phone call computerized print out evidence Exhibits I-31," weighing scales, calibration certifications, all photographic evidence taken on September 21, 2005, at Fox Lake, a copy of the Bill of Particulars, any statements given by Steve Lowry, photographs of buds and leaves, certified lab report of the leaves and buds entered into evidence, a copy of the citation issued to Petitioner on September 21, 2005, for possession of marijuana, and the laboratory report entered into evidence

---

[1] Petitioner's motion also includes a supplemental memorandum in support of his habeas corpus petition.

by the State as Exhibit 3 indicating the substance obtained was marijuana.

The discovery processes contained in the Federal Rules of Civil Procedure do not apply across the board in habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings. As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases in the United States District Courts were promulgated in 1976.

Specifically, Rule 6(a) provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908-909 (quoting *Harris*, 394 U.S. at 300); *see also Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001).

> "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford,* 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner has failed to meet this standard here. All of Petitioner's claims, with the exception of claim three of his habeas corpus petition in which he asserts ineffective assistance of counsel, are

subject to Respondent's assertions that Petitioner committed a procedural default.  Further, it does not now appear that any of the documents requested by Petitioner are needed for resolution of Petitioner's claims.  Additionally, the record fails to indicate that any of the discovery requested by Petitioner may assist him in demonstrating that he is entitled to relief.

Petitioner's motion for discovery and depositions (ECF No. 18), therefore, is **DENIED.**

**IT IS SO ORDERED**.

  s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge